**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Louisa Williams,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-01701-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Karen Louisa Williams' ("Plaintiff") Motion to Reopen District Court Proceedings, which the Court construes as a Federal Rule of Civil Procedure 60(b) motion.  (Doc. 11.)  For the following reasons, the Motion is granted.

## BACKGROUND

Plaintiff filed a Complaint seeking judicial review of a denial of social security benefits on August 31, 2020.  (Doc. 1.)  The Court issued an Order on September 3, 2020, directing the Clerk of Court to terminate all Defendants in the matter if they had not been served by December 1, 2020.  (Doc. 6.)  After Plaintiff failed to effectuate service, the Court terminated the case on December 2.  (Doc. 8.)

Plaintiff appealed the termination of the case to the Ninth Circuit Court of Appeals on December 9, 2020.  (Doc. 10.)  Plaintiff also filed her Motion to Reopen District Court Proceedings, (Doc. 11), and application for leave to proceed in forma pauperis, (Doc. 12), on December 28, 2020 with the Court.  On February 24, 2021, the Ninth Circuit directed

1   the Court to determine whether Plaintiff's December 28, 2020 filing falls within Federal

2   Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should be granted or

3   denied.  (Doc. 13.)

4                                            **DISCUSSION**

5       **I.      Federal Rule of Appellate Procedure 4(a)(4)**

6         Federal Rule of Appellate Procedure 4(a)(4) provides that if a party files in the

7   district court a specified motion within the time allowed by the Federal Rules of Civil

8   Procedure, "the time to file an appeal runs for all parties from the entry of the order

9   disposing of the last such remaining motion."  One of the specified motions is a Federal

10  Rule of Civil Procedure 60(b) motion, which a district court may consider if it is filed no

11  later than 28 days after judgment is entered.  Fed. R. App. P. 4(a)(4).  Here, the Court

12  construes Plaintiff's Motion to Reopen as a Rule 60(b) motion, thereby triggering Federal

13  Rule of Appellate Procedure 4(a)(4).

14      **II.     Federal Rule of Civil Procedure 60(b)**

15        Federal Rule of Civil Procedure 60(b)(1) provides that a "court may relieve a party

16  or its legal representative from a final judgment, order, or proceeding for the following

17  reasons: [ ] mistake, inadvertence, surprise or excusable neglect."  Excusable neglect

18  "encompass[es] situations in which the failure to comply with a filing deadline is

19  attributable to negligence."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

20  U.S. 380, 394 (1993).  In determining whether there is excusable neglect, courts must

21  consider (1) the danger of prejudice to the opposing party; (2) the length of delay and its

22  potential impact on proceedings; (3) the reason for the delay; and (4) whether the movant

23  acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

24  This determination "is at bottom an equitable one, taking account of all relevant

25  circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

26        First, to be prejudicial to the opposing party, setting aside a judgment "must result

27  in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v.*

28  *Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  Here, Plaintiff's failure to timely serve

1  Defendant merely delays resolution of the case.  Accordingly, the first factor weighs in

2  favor of excusable neglect.

3      The second factor considers the "length of the delay and its potential impact on

4  judicial proceedings." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  As this case was dismissed

5  shortly after being filed, relief at this stage would cause little delay.  *See, e.g.*, *Trueman v.

6  Johnson*, No. CIV 09-2179-PHX-RCB, 2011 WL 6721327, at *6 (D. Ariz. Dec. 21, 2011)

7  (finding that the second factor favored excusable neglect where, although "granting an

8  extension of time to serve would cause further delay," the case was in "its infancy").

9  Therefore, the second factor weighs in favor of excusable neglect.

10     The third factor also weighs in favor of finding excusable neglect.  In seeking to

11 reopen the proceedings, Plaintiff states: "I have a hard time with paperwork and focusing

12 and I might have missed a deadline to file paperwork. I am smi and my many symtoms

13 (sic) that make daily tasks difficult."  (Doc. 11.)  Plaintiff's reason supports a finding of

14 excusable neglect.  *See, e.g.*, *Ochoa v. Lintig*, No. 19cv346-MMA (JLB), 2020 WL

15 1028919, at *1 (S.D. Cal. Mar. 3, 2020) (granting relief under Rule 60(B)(1) where the

16 Plaintiff's failure to file a response was due to "his mistake regarding the applicable rules,

17 compounded by his disability and resulting difficulty in preparing and submitting legal

18 documents without assistance").

19     Regarding the fourth factor, there is no indication that Plaintiff acted in bad faith

20 when she missed the deadline to serve Defendant.  Accordingly, the fourth factor weighs

21 in favor of Plaintiff.

22     Finally, the Court considers prejudice to Plaintiff.  The Ninth Circuit has held that

23 where a Rule 60(b)(1) motion "(1) seeks to set aside a dismissal that arises from

24 noncompliance with Rule 4(m), (2) the movants cannot re-file their action because the

25 statute of limitations has run, and (3) there is no or only slight prejudice to the opposing

26 party if relief is granted" the district court should consider the movants' prejudice if relief

27 is denied.  *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).  Claimants

28 appealing adverse social security decisions "may obtain a review of such decision by a

civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g).  If a claimant does not file her civil action within this time frame, she loses the right to judicial review.  20 C.F.R. § 404.900(b).  In her Complaint, Plaintiff indicates that she received notice that the Commissioner's decision was final on July 6, 2020.  (Doc. 1.)  Therefore, if Plaintiff wishes to re-file this action, she is barred by the statute of limitations.  Accordingly, Plaintiff faces the "ultimate prejudice" if her request for relief is not granted.  *Lemoge*, 587 F.3d at 1196.

As prejudice to Plaintiff and all four *Bateman* factors weigh in favor of excusable neglect, Plaintiff has established excusable neglect under Rule 60(b)(1).  Therefore, Plaintiff's Motion is granted.  Accordingly,

**IT IS THEREFORD ORDERED** that Plaintiff Karen Louisa Williams' Motion to Reopen District Court Proceedings (Doc. 11) is **GRANTED.**

Dated this 15th day of April, 2021.

G. Murray Snow
Chief United States District Judge