WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Louisa Williams,<br><br>             Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>             Defendant. | No. CV-20-01701-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Commissioner of Social Security's ("Defendant") Motion to Dismiss Under Fed. R. Civ. P. 12(B)(1) for Lack of Subject-Matter Jurisdiction (Doc. 24.)  For the reasons below, Defendant's Motion is granted.

## BACKGROUND

Karen Williams ("Plaintiff") is appealing the denial of social security disability benefits under 42 U.S.C. § 405(g).  (Doc. 1 at 2.)  According to the Complaint, Plaintiff submitted a request for benefits to the Social Security Administration, which denied the request on July 6, 2020.  (Doc. 1 at 3.)  Plaintiff filed this appeal on August 31, 2020, alleging that the decision was erroneous because she did not have anyone to speak on her behalf during the administrative process.  (Doc. 1 at 3.)  Defendant now moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff failed to exhaust administrative remedies at the Social Security Administration, and this Court does not have subject-matter jurisdiction over the case.  (Doc. 24.)

**DISCUSSION**

Federal courts are courts of limited jurisdiction, and federal subject-matter jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Because of its import, lack of subject-matter jurisdiction may be raised at any time by any party or by the court. *See* Fed. R. Civ. P. 12(h); *Attys Tr. v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Section 405(g) provides that an individual who has been denied SSDI/SSI benefits may seek judicial review of 'any final decision' of the Commissioner." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). "A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Id.*

The first element, which is jurisdictional and non-waivable, "is the requirement that a claim for benefits shall have been presented to the [Commissioner]." *Bowen v. City of New York*, 476 U.S. 467, 483 (1986). The "presentment requirement is satisfied when an individual makes a claim for benefits, and the [Commissioner] determines that the claimant meets the eligibility requirements for those benefits." *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989). Presentment can also "be fulfilled by contesting tentative agency determinations." *Cassim v. Bowen*, 824 F.2d 791, 794 (9th Cir. 1987).

The second requirement, which is not jurisdictional and can be waived, is that "the administrative remedies prescribed by the [Commissioner] be exhausted." *Bowen*, 476 U.S. at 483 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). A district court will waive the final decision's exhaustion element if the claimant satisfies a three-part test: "the claim must be (1) collateral to a substantive claim of entitlement (collaterality),

(2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993); *Briggs*, 886 F.2d at 1139. If the requirement is not waived, administrative exhaustion requires (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) review before the Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1407, 416.1414, 416.1468.

Here, Plaintiff does not allege that she contested the agency determination, nor does she allege that she has exhausted administrative remedies. (Docs. 1, 27.) She does not try to establish waiver. (Docs. 1, 27.) In short, Plaintiff has not shown that she has met either requirement to litigate in this Court. Moreover, the entirety of Plaintiff's statement of the claim is "I am currently homeless[;] I did not have any 3rd parties to speak [o]n [m]y behalf." (Doc. 1 at 3.) Even if this assertion is true, that fact alone does not establish legal error in the administrative determination. Thus, Plaintiff's Complaint fails to establish this Court's jurisdiction as required by Federal Rule of Civil Procedure 8(a).[1] Defendant's Motion is granted.

Because Plaintiff cannot establish waiver, she must request reconsideration by the agency and show "good cause" for missing the deadline to request review. 20 C.F.R. § 416.1411 ("Examples of circumstances where good cause may exist include, but are not limited to, the following situations . . . You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.").[2] After

---

[1] The Court recognizes that *Fort Bend County v. Davis* may have changed the jurisdictional analysis of district courts hearing social security appeals. 139 S. Ct. 1843 (2019). *Davis* held that Congress must have made a requirement "clearly" jurisdictional in order for courts to treat it as such. *Id.* ("If the Legislature clearly states that a [prescription] count[s] as jurisdictional, then courts and litigants will be duly instructed . . . [b]ut when Congress does not rank a [prescription] as jurisdictional, courts should treat the restriction as nonjurisdictional in character.") Whether § 405(g)'s "final decision" requirement is jurisdictional has not been raised here, nor has the Ninth Circuit precedent been directly overturned. Accordingly, the Court follows the Ninth Circuit precedent. Even if the requirement is not jurisdictional, however, the result would be the same in this case because Plaintiff's Complaint is sparse, and dismissal would be appropriate under Federal Rule of Civil Procedure 12(b)(6).

[2] The Social Security Administration's website provides information on how an adverse

that, she must fully exhaust the administrative process before returning to federal court to appeal.

## CONCLUSION

Because Plaintiff fails to establish jurisdiction pursuant to Rule 8, the case is dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(B)(1) for Lack of Subject-Matter Jurisdiction (Doc. 24) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 22nd day of February, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge

---

decision may be reconsidered or appealed to the Appeals Council. *What Do I Need to Know About Requesting a Hearing Before an Administrative Law Judge*, Soc. Sec. Admin., https://www.ssa.gov/appeals/hearing_process.html (last visited Feb. 18, 2022); *Information About Requesting Review of an Administrative Law Judge's Hearing Decision*, Soc. Sec. Admin., https://www.ssa.gov/appeals/appeals_process.html (last visited Feb. 18, 2022).